IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

NATHAN STRIEGEL                                                                                              PLAINTIFF

v.                                           Case No. 6:24-cv-06069

WARDEN WHITE; MAJOR
OTTS; and LT. JACKSON                                                                                   DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation ("R&R") filed June 23, 2024, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 7). Plaintiff Nathan Striegel ("Plaintiff") has objected. (ECF No. 9). The Court finds the matter ripe for consideration.

## I. BACKGROUND

On May 20, 2024, Plaintiff filed his Complaint. (ECF No. 1). The Complaint alleges that from January 23, 2024, to May 9, 2024, Plaintiff was only allowed access to the yard and gym "about 5 times." (ECF No. 1, at 4). Plaintiff alleges that this caused him stress from lack of fresh air, stress from lack of the ability to move around, and prevented him from getting sun light. (ECF No. 1, at 4). Further, Plaintiff alleges that without yard call, tensions between the prisoners and between the prisoners and staff could lead to "brutal attacks for no reason at all." (ECF No. 1, at 6).

On July 23, 2024, Judge Ford filed the instant R&R. (ECF No. 7). Judge Ford recommends that Plaintiff's case be dismissed for failure to state a claim upon which relief may be granted. (ECF No. 7, at 4). Judge Ford notes that Plaintiff has only alleged a lack of recreation time in the outdoors or in a gym. (ECF No. 7, at 4). Judge Ford also notes that

Plaintiff has provided no additional information such as opportunities to be outside of his cell, the size of Plaintiff's cell, or the availability of recreation inside his cell. (ECF No. 7, at 3-4). Additionally, Judge Ford notes that Plaintiff has failed to allege any compensable physical injuries. (ECF No. 7, at 4).

On August 5, 2024, Plaintiff filed his objections. (ECF No. 9). Plaintiff argues that the five (5) times that they were allowed outside they were only given thirty (30) minutes. (ECF No. 9, at 1). Plaintiff also argues that he shares a room with thirty-one (31) other inmates in a barracks only designed for twenty-five (25) inmates and that there is no room "to do anything." (ECF No. 9, at 1). Plaintiff then states again that the lack of opportunities to be outside have caused him mental stress. (ECF No. 9, at 1). Plaintiff also argues that "the timeline to do anything is unjust do to the fact of being shipped unit to unit the mail is not getting to me in a timely manner and every time I put in a change of address." (ECF No. 9, at 2).

## II. STANDARD OF REVIEW

"The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition." *Bramlett v. Wellpath, LLC*, No. 6:19-cv-6070, 2020 WL 4748049, at *1 (W.D. Ark. Aug. 17, 2020). After reviewing a magistrate judge's report and recommendations under the appropriate standard of review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). "The Court applies a liberal construction when determining whether *pro se* objections are specific." *Raper v.*

*Maxwell*, No. 4:21-cv-4067, 2022 WL 1978690, at *1 (W.D. Ark. June 6, 2022) (citation omitted). If the prisoner "files timely and specific objections" to the magistrate's report and recommendations, then "the district court makes 'a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made.'" *Branch v. Martin*, 886 F.2d 1043, 1045 (8th Cir. 1989) (citation omitted). "When conducting *de novo* review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous." *Id.* at 1046. Alternatively, if the Plaintiff does not timely and specifically object to the report and recommendation, the Court reviews that report and recommendation for clear error. *See Raper*, 2022 WL 1978690, at *2; *see also Thornton v. Walker*, No. 4:22-cv-4114, 2023 WL 3063381, at *1 (W.D. Ark. Apr. 24, 2023) (applying a clear-error standard where Plaintiff's objections did not "specifically address any aspect of [the magistrate judge's] analysis or reasoning"); *Engledow v. Comm'r of Soc. Sec.*, No. 20-cv-4, 2021 WL 916925, at *3 (N.D. Iowa Mar. 10, 2021) (explaining that *de novo* review is appropriate where objections are not "more than . . . conclusory" and are not "accompanied by legal authority and argument in support" (citations omitted)). The Court will review Judge Ford's findings *de novo*.

### III. DISCUSSION

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998). The Eighth Amendment prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII; *see also Hutto v. Finney*, 437 U.S. 678, 685 (1978). As it relates to the treatment of prisoners, the Supreme Court has distinguished between two different types of conduct: (1) conduct that is

3

part of the formal punishment imposed for a crime and (2) conduct that does not purport to be punishment, including the conditions of confinement, medical care, and restoration of control over inmates. *See Wilson v. Seiter*, 501 U.S. 294, 297-303 (1991). As to the latter, the Supreme Court has taken the position that harsh conditions and rough disciplinary treatment are part of the price that a convict must pay for his or her offenses against society. *See Rhodes v. Chapman*, 452 U.S. 337, 347-49 (1981). However, although the Constitution does not mandate comfortable prisons, it also does not permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

The Eighth Amendment also prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities. *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996); *see also Hall v. Dalton*, 34 F.3d 648, 650 (8th Cir. 1994) ("[I]n this circuit, the standards applied to Eighth Amendment and Fourteenth Amendment claims have been the same."). As is the case with all Eighth Amendment claims, a prisoner must suffer some actual injury in order to receive compensation, and the injury must be greater than *de minimis*. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008).

"A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element." *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004). "The defendants' conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendants' conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Id*. (citations and internal quotation marks omitted). Deliberate indifference is established when the plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Id*.

A constitutional violation exists if Defendants were deliberately indifferent to Plaintiff's exercise needs. *See Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992). A "lack of exercise may be a constitutional violation if one's muscles are allowed to atrophy or if an inmate's health is threatened." *Id.* Courts reviewing an inmate's lack of exercise claim should consider factors such as: (1) the opportunity to be out of the cell; (2) the availability of recreation within the cell; (3) the size of the cell; and (4) the duration of confinement. *Id.* Lastly, "[c]laims under the Eighth Amendment require a compensable injury to be greater than *de minimis*." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). "While a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation." *White v. Holmes*, 21 F.3d 277, 281 (8th Cir. 1994).

On an initial note, the Court need not reach the duration of Plaintiff's time without outdoor yard call because Plaintiff has failed to allege any compensable physical injury, such as muscle atrophy, or other injury. *See Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004); *see also* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . ."). Plaintiff has only alleged that lack of yard call has caused him stress and that lack of yard call *could* lead to high tensions among prisoners and that, in turn, *could* lead to "brutal attacks for no reason." (ECF No. 7, at 1-2). As Judge Ford notes in the R&R, Plaintiff has in no way alleged that he has been victim of an attack. Additionally, nothing in Plaintiff's objections reveal a compensable physical injury. Plaintiff only repeats that lack of opportunities to be outside the barracks "or available recreation inside caus[ed] mental stress." (ECF No. 9, at 1). These are not physical injuries. Thus, the Court

finds that Plaintiff has failed to show any compensable physical injury as required to state an Eighth Amendment violation for a conditions of confinement claim.[1]

## IV.  CONCLUSION

Upon *de novo* review, the Court hereby adopts the R&R (ECF No. 7) *in toto*. Accordingly, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1) and that Plaintiff's case should be and hereby is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(b)(1), and thus the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration. Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal will not be taken in good faith.

**IT IS SO ORDERED**, this 21st day of May, 2025.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge

---

[1] Plaintiff also states that "the time line to do any thing is unjust do to the fact of being shipped unit to unit the mail is not getting to me in a timely manner and every time I put in a change of address." (ECF No. 9, at 2). To the extent that Plaintiff is arguing that he did not have enough time to respond to the R&R, the Court notes that Plaintiff did not request any extensions of time to file. Thus, the Court finds such an argument unpersuasive.